UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN BRIAN PURCHASE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, correctional officer, in his official capacity,<br><br>Defendant. | 4:23-CV-04071-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915(A) SCREENING |

Plaintiff, Steven Brian Purchase, an inmate at the Yankton Minimum Center,[1] filed a pro se civil rights lawsuit against John Doe, correctional officer in his official capacity, under 42 U.S.C. § 1983. Docket 1. Purchase filed an amended complaint on May 30, 2023. Docket 6. Purchase moves to proceed in forma pauperis and included his prisoner trust account report. Dockets 2, 3. Purchase also filed a motion to appoint counsel. Docket 5.

I.      **Motion for Leave to Proceed in Forma Pauperis**

Purchase reports average monthly deposits of $00.00 and an average monthly balance of $00.00. Docket 3 at 1. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing

---

[1] Purchase was detained at the Minnehaha County Jail when the actions of the underlying the lawsuit occurred. *See* Docket 1 at 1, 3; Docket 6 at 1, 3.

fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Purchase's prisoner trust account, the court grants Purchase leave to proceed in form pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Purchase must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency

> having custody of the prisoner shall forward payments from the
> prisoner's account to the clerk of the court each time the amount in
> the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this

procedure. The Clerk of Court will send a copy of this order to the appropriate

financial official at Purchase's institution. Purchase remains responsible for the

entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-

30 (8th Cir. 1997).

## II.      1915A Screening

### A.      Factual Background

The facts alleged in Purchase's amended complaint are: that due to the

actions of a correctional officer he suffered tendon and ligament damage, that if

not surgically repaired, will result in permanent damage. Docket 6 at 3. On

February 7 or 8, 2023, Purchase was processed into the Minnehaha County

Jail. *Id.* During processing, Purchase "directed some insults to a Correctional

Officer." *Id.* Purchase "was escorted to a changing room and instructed to

remove [his] pants[,]" but he said "No." *Id.* Two officers "with one under each

arm carried [him] to a holding cell" followed by a nurse and one or two

correctional officers. *Id.* In the holding cell, John Doe, "who had been the object

of [Purchase's] insults" then "ordered [Purchase] to kneel by the bunk and put

[his] hands behind his back." *Id.* Purchase put his hands behind his back and

said "Be careful. I have a bad wrist." *Id.* John Doe asked, "Which wrist[,]" and

Purchase said his "left[.]" *Id.* John Doe cuffed Purchase and "bent that and only

that [left] wrist[.]" *Id.* Purchase alleges that bending his wrist caused "[t]endon

3

and ligament damage that, if not surgically repaired, will be a permanent debilitation." *Id.*

Purchase filed a grievance for administrative relief, but he "was released before [he] received a reply." *Id.* Purchase brings a claim against the unknown correctional officer in his official capacity, in violation of the Fourth Amendment for injuries caused to Purchase's left wrist. *Id.* at 2, 3. In his amended complaint, Purchase seeks $25,000.00 in compensatory damages, $25,000.00 for pain and suffering, and $50,000.00 for punitive damages. *Id.* at 4.

### B.    Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials,

dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Purchase's amended complaint under 28 U.S.C. § 1915A.

### C.    Legal Analysis

Purchase brings a claim against John Doe in his official capacity. *See* Docket 6 at 2. At the time of Purchase's injury, John Doe was an employee of the Minnehaha County Jail. *See id.* "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257

(8th Cir. 2010). Purchase's official capacity claim against John Doe is equivalent to a claim against Minnehaha County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees[]" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some

6

allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Purchase makes no allegations regarding the policies or customs of the Minnehaha County Jail. *See* Docket 6 at 3. Thus, his claim against John Doe, correctional officer, in his official capacity, for money damages is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D.   Strike Under 28 U.S.C. § 1915(g)

The court finds that Purchase's claim fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Purchase's complaint is dismissed for failure to state a claim upon which relief can be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1.   That Purchase's motion for leave to proceed in forma pauperis (Docket 2) is granted and the initial installment of his filing fee is waived.

2.     That the institution having custody of Purchase is directed that whenever the amount in Purchase's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Purchase's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1) until the $350 filing fee is paid in full.

3.     That Purchase's claim against Defendant John Doe in his official capacity for money damages is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4.     That this action constitutes a strike against Purchase for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

5.     That Purchase's motion for appointment of counsel (Docket 5) is denied as moot.

Dated August 2, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE